IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
TENNESSEE- COLUMBIA DIVISION

Jeremy Warnken

Martha Warnken,

    Plaintiffs,

vs.

The Travelers Insurance Company, Inc.,

    Defendant.

Case No: 1-10 0099

JURY DEMAND

## COMPLAINT

Come now the Plaintiffs, Jeremy Warnken and Martha Warnken, by and through counsel, and file this Complaint against the Defendant for their actions laid out in detail below:

### JURISDICTION AND VENUE

1. Martha Warnken is a citizen and resident of Hohenwald, Lewis County, Tennessee.

2. Jeremy Warnken is a citizen and resident of Hohenwald, Lewis County, however he is currently serving in the United States Army in Iraq.

3. Travelers Insurance is a foreign corporation, registered to do business in the State of Tennessee, which is headquartered in Hartford, Connecticut.

4. Travelers Insurance offers auto, home, life, business and farm insurance protection and banking services across the United States, including Tennessee.

5. Travelers Insurance offered insurance coverage on the home of Plaintiffs in Lewis County, Tennessee as more fully described in this Complaint.

6. All of the facts which give rise to this cause of action arose in Lewis County, Tennessee.

7. Federal Jurisdiction exists in this matter pursuant to 28 USC § 1332(a), as this civil action is between citizens of different states and the amount in controversy exceeds $75,000.00.

## FACTUAL ALLEGATIONS

8. Prior to May, 2009 Plaintiffs purchased a home owner insurance policy from Defendant Travelers Insurance and said policy was in effect from May, 2009 to May 2010.[1]

9. The policy covered real property located at 407 South Pine Street, Hohenwald, TN 38462 (hereinafter "covered property"). The owners of said property are Jeremy and Ann Warnken.

10. The covered property was located in Lewis County, Tennessee.

11. Plaintiffs had made all appropriate payments on the policy prior to November 4, 2009.

12. On November 4, 2009, the Plaintiffs filed a claim with their insurance company for a collapsed floor in the den of the covered property.

13. Defendant paid a structural engineer, Mr. Mark Buchanan, to inspect the property as a result of the claim.

14. The engineer's report found the flooring system of the den had "completely failed, which is evident by the broken floor joists"[2].

15. The engineer's report also found the floor joists and wood flooring in the rest of the home have "significantly reduced the load carrying capacity of the wood members."

---

[1] See attached Exhibit A
[2] Please see engineer report attached hereto as Exhibit B

2

16. The insurance policy was required to pay for damages to the property caused by "collapse."

17. As a result of the failure of the floor joists and wood flooring in the covered property, there has been a substantial impairment of the structural integrity of the covered property and/or part of the covered property. Rankin by & Through Rankin v. Generali-United States Branch, 986 S.W.2d 237, 238 (Tenn. Ct. App. 1998)

18. Defendant Travelers Insurance, through their adjuster and agent Mr. Wayne Avis, called Plaintiff Ann Warnken to deny the Plaintiffs' claim on November 17, 2009.

19. Plaintiff Ann Warnken in an e-mail dated November 20, 2009 informed Defendant Travelers Insurance they were planning to seek recovery under the Tennessee Bad Faith Penalty.[3]

20. Defendants spent less than two weeks "investigating" this claim before they denied it.

21. Plaintiffs assisted in the "investigation" as required by her insurance policy.

22. At the time of the claim being made, Plaintiff Ann Warnken was undergoing treatment for cancer.

23. Defendant was aware of this fact when they denied the claim.

24. Defendant attempted to take advantage of the Plaintiff's weakened state by denying the claim in hopes they would not have the resolve to take action against them.

25. Defendant, while investigating the claim, steered the investigation, twisted witness and party statements, and manipulated evidence in an attempt to deny the claim on the basis the floor did in fact not "collapse."

---

[3] Please see attached e-mail dated November 20, 2009- Exhibit C

3

26. Defendant conducted an "investigation"; however they never intended to pay the claim.

27. No evidence warrants a denial of the claim.

28. By correspondence dated November 23, 2009, Defendant denied the claim of the Plaintiffs.[4]

29. In this correspondence, Defendant for the first time attempted to deny the claim as they claim the loss was caused by "faulty grading, construction, mold, fungus and rot."

30. The insurance policy states in relevant part:

"(8)(b) We insure for direct physical loss to covered property involving collapse of a building or any part of a building if the collapse was caused by one or more of the following:

Decay that is hidden from view, unless the presence of such decay is known to you prior to collapse;"

31. The decay causing the collapse is hidden from plain view.

32. The decay was unknown to the Plaintiffs prior to the collapse.

33. On July 7, 2010 Plaintiffs, through counsel, again sent a demand for payment to Mr. Wayne Avis of Travelers Insurance putting them on notice of her intention to seek the bad faith penalty.[5]

34. Defendant did not respond to said demand for payment.

35. To ensure receipt of demand, Plaintiffs resent demand for payment on September 9, 2010 again putting them on notice of their intention to seek the bad faith penalty.[6]

36. Defendant again did not respond to said demand for payment.

37. No factual basis exists warranting a denial of the claim.

---

[4] See Attached Exhibit D
[5] See Attached Exhibit E
[6] See Attached Exhibit F

4

38. Defendant has failed to pay the claim even though they are legally obligated to do so and they have been put on notice pursuant to the Tennessee Bad Faith Act, Tenn Code Ann § 56-7-105.

## CAUSES OF ACTION

### COUNT I- BREACH OF CONTRACT

39. Paragraphs 1 to 38 are hereby re-alleged as if they were fully restated herein.

40. Plaintiffs and Defendant had entered into a valid contract for insurance.

41. Under the contract, Defendant was required to pay for losses due to collapse at the covered property.

42. Plaintiffs suffered losses due to collapse at the covered property.

43. Defendant refused to pay for these losses as the contract required.

### COUNT II- TENNESSEE CONSUMER PROTECTION ACT

44. Paragraphs 1 to 43 are hereby re-alleged as if they were fully restated herein.

45. Plaintiffs bring this Count under the Tennessee Consumer Protection Act (hereinafter the "Act"), T.C.A. §§ 47-18-101 *et seq*.

46. Plaintiffs are consumers, natural persons, or individuals and thus are "persons" under T.C.A. § 47-18-109 (3).

47. Defendant is a "corporation" or "other legal or commercial entity however organized" and thus is a "person" under the T.C.A. §47-18-103 (9).

48. Defendant engaged in trade or commerce as defined by T.C.A. § 47-18-109 (11).

49. The providing of insurance under a valid insurance policy in exchange for payment of premiums constitutes trade or commerce under the Act.

50. The contract provides that damage for "collapse" loss would be covered.

5

51. Defendant refused to pay the claim as Defendant felt the Plaintiffs were in a position to keep them from seeking legal redress for their improper denial.

52. None of the exceptions to coverage under this insurance policy apply.

53. Defendant has attempted to invent an exception to avoid paying valid claims under a valid insurance policy.

54. Defendant harassed Plaintiffs during the course of their investigation into the claim in hopes that they would not pursue further action on their wrongful denial.

55. Defendant was negligent in the manner it handled the investigation leading to the wrongful denial of the claims.

56. Defendant, either intentionally or negligently, refused to investigate this matter fully and as a result the claims were wrongfully denied.

57. Defendant turned a "blind eye" to the truth in this matter so that they may deny the claims.

58. Defendant based their decision to deny the claims on nothing more than wild speculation.

59. Defendant denied the claims in hopes that Plaintiffs would not take any further legal action against them.

60. Defendant has refused to identify their alleged "factual bases" for the denial of the claims in hopes that no legal action would be taken against them. In reality, no such factual bases exist.

61. Defendant has denied the claims in an attempt to "play the numbers" that the Plaintiffs would either give up, or wear down so that the case may be settled for a lesser amount than Plaintiffs are entitled to.

62. Defendant has denied valid claims with knowledge that no valid reason exists to deny said policy.

63. Defendants' acts or practices listed above were unfair and/ or deceptive and as such violate the Consumer Protection Act. Tucker v. Sierra Builders, 180 S.W. 3d 109, (Tenn Ct. App. 2005)

64. Defendants committed or engaged in unfair or deceptive acts or practices affecting the conduct of any trade or commerce and constituted unlawful acts or practices in violation of T.C.A. §47-18-104(a).

65. Defendant has engaged in a pattern of the above-listed activities in their dealings with home owners over the United States, thereby warranting an award of punitive damages.

66. Separately, Defendant's acts or practices violated particular subsections of T.C.A. §47-18-104(b), namely: "Without limiting the scope of subsection (a), the following unfair or deceptive acts or practices affecting the conduct of any trade or commerce are declared to be unlawful and in violation of this part:"

   A. (b)(12) – "Representing that a consumer transaction confers or involves rights, remedies or obligations that it does not have or involve or which are prohibited by law."

   B (b)(27) -- "Engaging in any other act or practice which is deceptive to the consumer or to any other person."

   C. (b)(5) – "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have."

D. (b)(7) - "Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;"

E. (b)(9) – "Advertising goods or services with intent not to sell them as advertised"

F. (b) (19) – "Representing that a guarantee or warranty confers or involves rights or remedies which it does not have or involve;"

G. (b) (21) – "Using statements or illustrations in any advertisement which create a false impression of the grade, quality, quantity, make, value, age, size, color, usability or origin of the goods or services offered, or which may otherwise misrepresent the goods or services in such a manner that later, on disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised goods or services to other goods or services;"

H. (b) (27) - Engaging in any other act or practice which is deceptive to the consumer or to any other person;

67. Pursuant to T.C.A. §47-18-112, the Consumer Protection Act's remedies are cumulative and supplemental to all other existing remedies. Invoking it does not prohibit or exclude using another remedy.

68. The exemptions from the Consumer Protection Act are set forth at T.C.A. §47-18-111.

69. Defendant's activities do not fit or meet any of the exemptions specified under T.C.A. §47-18-111.

70. Plaintiffs bring this Count under T.C.A. §47-18-109. They suffered an ascertainable loss of money, property or thing of value as a result of Defendant's use or

employment of an unfair or deceptive act or practice prohibited by the Consumer Protection Act or in violation of the T.C.A. §47-18-104 (a) and (b), as set forth above.

71. Plaintiffs bring this action to recover damages permitted by the Consumer Protection Act.

72. Defendant's unfair or deceptive acts or practices were willful or knowing and Plaintiffs are entitled to treble damages under T.C.A. §47-18-109.

73. The acts and practices of Insurance companies, such as Defendant, are not outside the scope of the Tennessee Consumer Protection Act. Myint v. Allstate, 970 S.W. 2d 920, 926 (Tenn 1998).

74. Insurance companies will be held liable under the Act if their conduct in handling, investigating, or denying claims is unfair or deceptive. Myint at 927.

75. Insurance companies will be held liable if their claims handling procedures are unfair or deceptive pursuant to the Act. Sparks v. Allstate Ins. Co. 98 F.Supp.2d 933, 938 (W.D. Tenn., 2000).

76. As a result of Defendant's violation of the Tennessee Consumer Protection Act, Plaintiffs suffered losses.

### COUNT III- NEGLIGENCE

77. Paragraphs 1 to 76 are hereby re-alleged as if they were fully restated herein.

78. Defendant owed Plaintiffs a duty to investigate the claims properly before determining that they were not responsible its payment.

79. Defendant, by accepting the premium payments on the insurance policy, further owed Plaintiffs a duty to pay valid claims.

80. Defendant breached this duty by failing to investigate properly and failing to pay valid claims.

81. Defendant's failure to investigate properly and/or practice of conducting a goal-oriented investigation was willful and/or reckless.

82. As a result of Defendant's breach, Plaintiffs has suffered damages.

## COUNT IV- UNJUST ENRICHMENT

83. Paragraphs 1 to 82 are hereby re-alleged as if they were fully restated herein.

84. Defendant accepted premium payments on the part of the Plaintiffs in exchange for insurance coverage to be paid for loss due to collapse of property.

85. Defendant accepted the premium payments and refused to provide the insurance coverage.

86. As a result, Plaintiffs have suffered damages.

## COUNT V- BAD FAITH DENIAL

87. Paragraphs 1 to 86 are hereby re-alleged as if they were fully restated herein.

88. Plaintiffs in this matter made a demand for payment under a valid insurance policy pursuant to Tennessee Code Annotated 56-7-105.

89. Defendants have no basis for denying the claims.

90. Defendants have refused to pay the claims.

91. Defendant's actions in refusing to pay the claims were not in good faith.

92. As a result of Defendant's actions, Plaintiffs have suffered losses.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS PRAY:

1. For a jury of 12 to consider this action

2. Plaintiffs be granted a judgment against the Defendant for the sum of money to be determined by the Jury to be sufficient to compensate her for the damages complained of herein

3. Plaintiffs be awarded reasonable attorney fees pursuant to the Tennessee Consumer Protection Act (T.C.A. § 47-18-101 *et seq.*) and the Tennessee Bad Faith Refusal to Pay (T.C.A. § 56-7-105)

4. Defendant be taxed with the costs of this civil action

5. Defendant pay treble damages under the Tennessee Consumer Protection Act. (T.C.A. § 47-18-101 *et seq.*)

6. Defendant be made to pay punitive damages

7. Plaintiffs recover both Pre and Post Judgment Interest

8. All other damages allowed under Tennessee law

9. Discretionary costs as authorized by the Rules or law

10. Further and general relief as justice may require

Respectfully Submitted,

HIGGINS, HIMMELBERG & PILIPONIS

Jonathan A. Street, #21712
Attorney for the Plaintiffs
116 Third Avenue South
Nashville, Tennessee 37201
(615) 353-0930